UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-cv-81379-MIDDLEBROOKS

ROBERT BOHLKE, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

GREEN STAR CAPITAL
SOLUTIONS, LLC, and DOES 1
Through 10, inclusive, and each of them,

    Defendants.

_____/

## ORDER DENYING MOTION FOR CLASS CERTIFICATION

THIS CAUSE comes before the Court upon Plaintiff Robert Bohlke's ("Plaintiff") Motion for Class Certification Pursuant to Fed. R. Civ. P. 23(b)(3) and to be Appointed Class Counsel, filed on February 20, 2018. (DE 16). Defendant Green Star Capital Solutions, LLC ("Green Star") responded on March 6, 2018 (DE 22), that Plaintiff replied on March 13, 2018[1] (DE 24). For reasons stated below, Plaintiff's motion is denied without prejudice.

I.   **BACKGROUND**

On December 21, 2017, Plaintiff filed a Class Action Complaint ("Complaint") (DE 1 (hereinafter "Compl.")) against Green Star for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The Complaint alleges that Green Star made telephone calls, using an automatic telephone dialing system ("ATDS") or pre-recorded or artificial voice, to the cellular telephones ("cell phones") of Plaintiff and the class members without their express

---

[1] Plaintiff filed a Reply (DE 23) on March 13, 2018, that was followed by an Amended Reply, filed that same day (DE 24). Accordingly, I will consider Plaintiff's Amended Reply (DE 24) in evaluating Plaintiff's Motion.

consent. (Compl. ¶¶ 8-15, 23, 25). Plaintiff alleges that beginning in or around August of 2017, he received numerous calls on his cell phone from Green Star, attempting to solicit him to purchase Green Star's services without Plaintiff's prior express consent. (*Id.* ¶¶ 8, 15, 19). Plaintiff avers that he asked Green Star to stop contacting him, but that Green Star continued to call his cell phone to solicit his business using an ATDS. (*Id.* ¶¶ 10-12). Plaintiff also alleges that his cell phone number was added to the National Do-Not-Call Registry on or about July 27, 2003, and that Green Star's unsolicited calls violated the National Do-Not-Call provisions of the TCPA, 47 U.S.C. § 227(c)(5). (*Id.* ¶¶ 16-21).

Plaintiff's class action complaint brings four claims: (1) negligent violations of the TCPA on behalf of the ATDS Class;[2] (2) knowing and/or willful violations of the TCPA on behalf of the ATDS Class;[3] (3) negligent violations of the TCPA on behalf of the "Do Not Call" ("DNC") Class; and (4) knowing and/or willful violations of the TCPA on behalf of the DNC Class. In his Complaint, Plaintiff proposed the following tentative class definitions for the period of December 21, 2013 to the time of filing the Complaint on December 21, 2017:

> **ATDS Class:** All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.
>
> **DNC Class**: All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to

---

[2] A negligent violation of the TCPA, 47 U.S.C. § 227, *et seq.*, would entitle Plaintiff and the Classes to an award of $500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B), and injunctive relief prohibiting such conduct in the future.

[3] A knowing and/or willful violation of the TCPA, 47 U.S.C. § 227, *et seq.*, would entitle Plaintiff and the Classes to an award of up to $1,500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and injunctive relief prohibiting such conduct in the future.

the filing of the Complaint.

(Compl., ¶¶ 23, 24). In the instant Motion, Plaintiff changed his definition of the DNC Class to:

> **DNC Class:** All persons within the United States who received two or more calls on a residential line within any twelve month period, from Defendant, or their agents, whose phone number was registered on the National Do Not Call List for at least 31 days prior to receiving at least two of the calls, who was not the intended recipient of the call from Defendant, and who had not granted Defendant prior express consent nor had a prior established business relationship, between December 21, 2013 and present.

(DE 16 at 8).

## II. STANDARD

### A. Class Certification

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). "A party seeking class certification must affirmatively demonstrate compliance with [Federal Rule of Civil Procedure 23][,]" *id.* at 2551, and "[a] district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009) (citations and internal quotation marks omitted). A district court may "probe behind the pleadings before coming to rest on the certification question[,]"[4] as "Rule 23 does not set forth a mere pleading standard." *Wal-Mart*, 564 U.S. at 350.

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in [Rule 23(a)], as well as at least one of the requirements set forth in Rule 23(b)." *Vega*, 564 F.3d at 1265. In addition, "[a] plaintiff seeking certification of a claim for class treatment must propose an adequately defined

---

[4] *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

class that satisfies the requirements of Rule 23." *Abby v. Paige*, 282 F.R.D. 576, 578 (S.D. Fla. 2012) (citing *Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 667 (S.D. Fla. 2009)). "The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003).

Rule 23(a)'s four requirements include "numerosity, commonality, typicality, and adequacy of representation" of the class, and "are designed to effectively limit class claims to those fairly encompassed by the named plaintiffs' individual claims." *Valley*, 350 F.3d at 1188 (internal quotations and citations omitted). Numerosity is generally satisfied when there are more than forty putative class members, and "a plaintiff is not permitted to make a purely speculative showing that numerosity has been met." *Abby*, 282 F.R.D. at 578; *see Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). Commonality is satisfied when there is "at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009). Typicality is met where is "a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Further, Rule 23(a)(4) mandates that the named plaintiff must prove that (1) no conflict of interest exists between him and the putative class members and that (2) the action will be vigorously prosecuted. *See Sosna v. Iowa*, 419 U.S. 393, 403 (1975).

If the threshold issue of Rule 23(a) has been resolved, courts must then determine whether the proposed certification of a class satisfies the requirements of Rule 23(b). *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). Here, Plaintiff only seeks certification under Rule 23(b)(3). Under Fed. R. Civ. P. 23(b)(3), a class action may be maintained if "the court finds that the questions of law or fact common to all class members predominate over any

4

questions affecting only individual class members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) "requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Carter v. Forjas Taurus, S.A.*, 701 F. App'x 759, 765 (11th Cir. 2017) (per curiam) (quoting *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013)). Importantly, when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

### B. Standing.

A plaintiff bears the burden of establishing that he has standing. *See Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To establish standing, a plaintiff must prove: (1) he suffered an "injury in fact," or an injury that is concrete and particularize and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it is "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012) (internal quotations omitted) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

## III. DISCUSSION

### A. Standing

As a threshold matter, I must determine whether Plaintiff has standing to bring this suit. *Griffin v. Drugger*, 823 F.2d 1476, 1482 (11th Cir. 1987). Here, Plaintiff has pled facts

5

alleging that he suffered an injury when Green Star violated the TCPA by making numerous calls to his cell phone, soliciting him to use their services, when (1) he had never given Green Star consent to call him; (2) he told Green Star that he did not wish to receive these phone calls, but Green Star continued to call him, and (3) Plaintiff's cell phone number had been on the National DNC List at least 30 days before Plaintiff started receiving these calls. Green Star does not argue that Plaintiff lacks standing to bring this suit. Plaintiff is seeking damages and injunctive relief to prevent Green Star from continuing to call Plaintiff to redress his injury. Accordingly, Plaintiff has met his burden of establishing that he has standing to bring this action under the TCPA because he alleges he was injured by receiving unwanted telemarketing calls and is seeking both damages and injunctive relief to redress his injury.

### B. Rule 23 Requirements

Green Star only cites to one case, Rule 23, and the Local Rule 23.1 in its response in opposition to Plaintiff's Motion. Although Green Star's response lacks serious legal authority, "a court nevertheless has the responsibility of conducting its own inquiry as to whether the requirements of Rule 23 have been satisfied in a particular case." *Valley*, 350 F.3d at 1188 (citation omitted). At its core, Green Star's response argues that Plaintiff has not provided any evidence other than the bare allegations in his Complaint that could support class certification at this time.

Upon review of Plaintiff's Motion, I agree with Defendant that there is simply insufficient evidence before the Court to find that Plaintiff has met the Rule 23 requirements for class certification. For example, with regard to the numerosity requirement, Plaintiff alleges that the proposed classes include "thousands of members" but provides no evidence of such, instead stating that such evidence may be found in discovery. (Compl. ¶ 28); *see Evans v. U.S.*

*Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983) (noting that "mere allegations of numerosity are insufficient"). The only evidence that Plaintiff attached to this reply are requests for admission and production and interrogatories to which Green Star did not timely respond. (DE 24-1). I decline to consider any facts Green Star may have admitted by default by failing to timely respond. Although "it may be tempting to assume that the number [of purported plaintiffs] . . . can overcome the generally low hurdle presented by Rule 23(a)(1) . . . a plaintiff still bears the burden of establishing every element of Rule 23, and a district court's factual findings must find support in the evidence before it." *See Vega*, 564 F.3d at 1267. Absent any evidence before the Court, I cannot find that Plaintiff has met the numerosity requirement.

The above analysis on the numerosity requirement is representative of the lack of evidence demonstrating that Plaintiff's proposed classes meet the certification requirements described in Part II. Standards, *supra*. Plaintiff did not provide any evidence aside from declarations from his counsel and an expert who had not reviewed any discovery; instead, Plaintiff exclusively relies on the sparse allegations of his Complaint in seeking class certification. Plaintiff admits that he "has not had the opportunity to conduct meaningful discovery on the issues pertaining to Class Certification" and "intends to supplement his motion for class certification with any pertinent evidence found in discovery," but has failed to do so. (DE 16 at 7; DE 16-1, ¶¶ 6-8). Despite the fact that Plaintiff has not supplemented his motion, he has presumably had the opportunity to conduct substantial discovery that may support class certification. Accordingly, I deny Plaintiff's Motion without prejudice with leave to refile it, if he so desires, with evidence supporting such motion so that the Court is equipped with the necessary information to determine the appropriateness of class certification. S.D. Fla. L.R.

23.1(c) (noting that a court "may order postponement of the determination [of class certification] pending discovery); *A.R. v. Dudek*, No. 12-60460, 2013 WL 11971283, at *3 (S.D. Fla. Sept. 25, 2013) (Rosenbaum, J.) (denying motion for class certification without prejudice and giving plaintiff an opportunity to refile, is so desired, with evidence obtained in discovery going to class certification elements). Plaintiff must refile a motion for class certification, if desired, by June 22, 2018. *See* S.D. Fla. L.R. 23.1(c) ("[W]here it is held that the determination should be postponed, a date will be fixed by the Court for renewal of the motion."). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 16) is **DENIED WITHOUT PREJUDICE**. In light of Plaintiff's representations that it sought discovery bearing on class certification, Plaintiff may refile its motion by **June 22, 2018**. The discovery period, which ended on May 18, 2018, remains closed.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida this 7 day of June, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies furnished to: counsel of record